UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK,<br><br>        *Plaintiff*,<br><br>  -against-<br><br>NEW YORK STATE DEPARTMENT OF<br>AGRICULTURE AND MARKETS and<br>RICHARD BALL in his official capacity<br>as Commissioner of New York State<br>Department of Agriculture and Markets,<br><br>        *Defendants*. | 1:20-cv-6191<br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. Section 1331.

2. Venue is proper in this District under 28 U.S.C. Section 1391(b)(1).

## PARTIES

3. Plaintiff, Todd C. Bank ("Bank"), is a natural person who resides in the State of New York.

4. Defendant New York State Department of Agriculture and Markets ("NYSDAM") is an executive agency of the State of New York, and maintains an office at 55 Hanson Place, Brooklyn, New York.

5. Defendant Richard Ball is the commissioner of NYSDAM.

## ALLEGATIONS

6. On December 15, 2020, "[a]n Act to amend the public buildings law and the agriculture and markets law, in relation to prohibiting the state of New York from selling or displaying symbols of hate" (the "Hate-Symbol Act") took effect.

1

7. The Hate-Symbol Act states, in part:

**Section 1.** The public buildings law is amended by adding a new section 146 to read as follows:
§ 146. . . . [T]he term "symbols of hate" shall include, but not be limited to, symbols of white supremacy, neo-Nazi ideology or [sic (presumably should be "and")] the Battle Flag of the Confederacy.

**[Section] 2.** Section 16 of the agriculture and markets law[,] [(which is prefaced by "[t]he [NYSDAM] through the commissioner shall have power to:")][,] is amended by adding a new subdivision 51 to read as follows:
51. Take any measures necessary to prohibit the sale, on the grounds of the state fair and any other fairs that receive government funding, of symbols of hate, as defined in section [146] of the public buildings law, or any similar image, or tangible personal property, inscribed with such an image, unless the image appears in a book, digital medium, or otherwise serves an educational or historical purpose.

**[Section] 3.** This act shall take effect immediately. Effective immediately, the addition, amendment and/or repeal of any rule or regulation necessary for the implementation of this act on its effective date are authorized and directed to be made and completed on or before such effective date.

(bolding added for convenience).

8. Bank intends to attend, within each of the next several years, fairs that are described in paragraph "51" of Section 16 of the New York Agriculture and Markets Law ("State-Funded Fairs").

9. Bank wishes that, when he attends State-Funded Fairs, he will be exposed to the widest possible range, for sale by non-state persons, of items that are protected by the First Amendment of the United States Constitution ("the First Amendment").

10. The "symbols of hate" as defined by the Hate-Symbol Act are protected by the First Amendment.

## LEGAL ASSERTIONS

11.     The Hate-Symbol Act, insofar as it prohibits, by non-state persons, the sale, at State-Funded Fairs, of items that are protected by the First Amendment, is un-Constitutional.

## CLAIMS FOR RELIEF

Plaintiff requests:

(a)     a judgment, pursuant to 28 U.S.C. Sections 1983 and 2201(a), declaring that the Hate-Symbol Act is un-Constitutional insofar as it prohibits, by non-state persons, the sale, at State-Funded Fairs, of items that are protected by the First Amendment; and

(b)     an order, pursuant to 28 U.S.C. Section 1983, directing Defendants not to enforce the Hate-Symbol Act insofar as it prohibits, by non-state persons, the sale, at State-Funded Fairs, of items that are protected by the First Amendment.

Dated:  December 21, 2020

Respectfully submitted,

  *s/ Todd C. Bank*
TODD C. BANK,
  ATTORNEY AT LAW, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
By Todd C. Bank

*Counsel to Plaintiff*
